**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| MARCUS DESHAWN COX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:12CR245-1<br>1:13CV582 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 42 months, following his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 20; see also Docket Entry 1 (Indictment); Docket Entry 10 (Superseding Indictment); Docket Entry 17 (Plea Agreement); Docket Entry dated Dec. 12, 2012 (documenting guilty plea); Docket Entry dated Mar. 15, 2013 (documenting sentencing); Docket Entry 31-3 (Sent'g Hrg. Tr.).)[1] Petitioner did not give notice of appeal. (See Docket Entry 21, ¶ 8; see also Docket Entries dated Mar. 15, 2013, to present.) He did, however, timely file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Entry 21.) The United States responded (Docket Entry 31) and Petitioner replied (Docket Entry 33). The Court should deny relief as to all claims in Petitioner's Section 2255 Motion, except his claim that his counsel provided constitutionally ineffective assistance by failing to appeal, as to which claim the Court should grant relief by re-entering judgment (thus allowing Petitioner another opportunity to institute a timely direct appeal).

Petitioner's Section 2255 Motion asserts five grounds for relief:

1) "Ineffective assistance of trial counsel," based on the allegation that "counsel coerced [Petitioner] into pleading guilty to charges which included enhancements that were not included in the indictment and that [he] was factually innocence [sic] of" (Docket Entry 21, ¶ 12(Ground One));

2) "Ineffective Assistance of Trial Counsel – Refusing to Appeal when directed to do so" (id., ¶ 12(Ground Two));

3) "Ineffective Assistance of Counsel," due to "Action/ Inactions by counsel to deprive [Petitioner] of his 5th Amendment Due Process rights guaranteed by the Constitution" (id., supp. p. 2 (paragraph labeled "Grounds three"));

4) "Procedural Error/Prosecutorial Error," attributed to "Ambiguities in the indictment. Also (enhancement usage), Rule 7 violations, Federal Rule Criminal Procedure (et al.)" (id. (paragraph labeled "Grounds Four")); and

5) "Ineffective Asst.," premised on an assertion that "Counsel did not have acceptable knowledge of particular laws, district precedent thereof, and applicability in its myriad forms to [Petitioner]" (id. (paragraph labeled "Grounds Five")).

As to Ground One, Petitioner seeks to challenge his guilty plea to possessing a firearm as a felon on the basis that his advisory Sentencing Guidelines calculation included a two-offense-level increase under U.S.S.G. § 2K2.1(b)(4)(A), because the firearm he possessed was stolen. (See Docket Entry 21, ¶ 12(Ground One).) Specifically, Petitioner has asserted the following:

> I knew the gun was not stolen and I told counsel this. He ignored my words and insisted I had to plead guilty. Then the PSIR [Presentence Investigation Report] came out and included the wording that the gun was stolen and I had a two level enhancement. I again told him this was wrong. He refused to object to this fact and insisted that I remain silent. My Sixth Amendment rights as established in Apprendi, Booker and Alleyne were violated and I received a sentence in excess of what I pleaded guilty to.

(Id.) This claim fails as a matter of law for a number of reasons.

First, the status of the firearm as stolen (or not) did not constitute an element of the Section 922(g)(1) offense to which Petitioner pleaded guilty. See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) ("[T]he elements required for conviction under § 922(g)(1) are: '(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed,

3

transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.'" (quoting United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc))).[2] Second, Petitioner has declared that he voluntarily chose to plead guilty to the felon-firearm offense "because he is, in fact, guilty and not because of any threats or promises." (Docket Entry 17, ¶ 4.)

Third, Petitioner's Plea Agreement contained no provision regarding the applicability or inapplicability of Section 2K2.1(b)(4)(A), but, instead, as to specific provisions of the Sentencing Guidelines, addressed only U.S.S.G. § 3E1.1. (See id., ¶ 5.) Fourth, Petitioner acknowledged in his Plea Agreement that, in light of his guilty plea, the Court:

> is required to consult the Guidelines and take them into account when sentencing. In so doing, the [Court] will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

(Id., ¶ 2.c.) Fifth, Petitioner agreed that the United States "reserve[d] the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing." (Id., ¶ 6.)

---

[2] In his Plea Agreement, Petitioner admitted that his counsel explained to him the elements of a Section 922(g)(1) offense. (Docket Entry 17, ¶ 2.)

4

Sixth, when the PSIR came out, Petitioner's counsel initially objected to the two-offense-level increase under Section 2K2.1(b)(4)(A) (see Docket Entry 19 at 2); however, at Petitioner's sentencing hearing, his counsel stated: "[I]n regards to the firearm being stolen, [Petitioner] would withdraw that [objection] at this time." (Docket Entry 31-3 at 3.) The Court then asked Petitioner directly if "it [wa]s [his] desire to withdraw those [objections] [his counsel] told [the Court] about withdrawing?" (Id. at 4.) Petitioner responded: "Yes, sir." (Id.)[3]

Seventh, (as noted above) Petitioner received a prison sentence of 42 months; therefore, "[b]ecause [he] was sentenced below the statutory maximum[] on [the Section 922(g)(1)] count, his [Apprendi v. New Jersey, 530 U.S. 466 (2000)] argument is without merit." United States v. McKoy, 498 F. App'x 369, 371 (4th Cir. 2012); accord United States v. Miller, 372 F. App'x 358, 358–59 (4th Cir. 2010); see also 18 U.S.C. § 924(a)(2) (authorizing 10-year maximum prison term for violations of Section 922(g)(1)). Eighth, Petitioner cannot claim that inclusion of the two-offense-level increase under Section 2K2.1(b)(4)(A) contravened the Sixth Amendment ruling in United States v. Booker, 543 U.S. 220 (2005), because, as reflected in the above-quoted excerpt from Subparagraph

---

[3] Petitioner has admitted in an Affidavit filed with his Reply that, prior to his sentencing hearing, he "told [the mother of his child] to call and tell [his counsel] to withdraw the [stolen firearm] objecting [sic]." (Docket Entry 34 at 1.)

5

2.c. of his Plea Agreement, "th[e] Guidelines had already been rendered advisory by Booker well prior to [his] sentencing," Pate v. United States, Nos. 1:10CV585, 1:06CR478-3, 2011 WL 2470120, at *3 (M.D.N.C. Mar. 17, 2011) (unpublished), recommendation adopted, 2011 WL 2462208 (M.D.N.C. June 20, 2011) (unpublished). Ninth (and finally), "[a]s Alleyne [v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013),] had no effect on Guidelines enhancements, [Petitioner's claim that the two-offense-level increase under Section 2K2.1(b)(4)(A) violated the Sixth Amendment as construed in Alleyne] is without merit." United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179-80 (4th Cir.), cert. denied sub nom., Haith v. United States, ___ U.S. ___, 135 S. Ct. 385 (2014), and Jeffries v. United States, ___ U.S. ___, 135 S. Ct. 313 (2014).

As to Ground Two, Petitioner has averred that he "told counsel to appeal the sentence because it contained an illegal and factual inaccuracy." (Docket Entry 21, ¶ 12(Ground Two); see also id., supp. pp. 1-2 (setting forth Petitioner's signature below statement that "Petitioner does certify under penalty of perjury that the foregoing document and motion are true and accurate"); Docket Entry 34 at 1 (declaring in Affidavit sworn to by Petitioner before a notary and filed with his Reply: "I ask [sic] counsel [] to appeal and [he] stated on what grounds and left the courtroom.").) "Once [a federal criminal defendant] unequivocally instruct[s] his

6

attorney to file a timely notice of appeal, his attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). The United States contends that, "[w]ith regard to whether [Petitioner] told [his counsel] to give notice of appeal, there is a conflict in the present record. [Petitioner] said that he told [his counsel] to appeal, and [his counsel] says he has no recollection of being told to appeal." (Docket Entry 31 at 4-5; see also Docket Entry 31-1 at 1 (documenting the following sworn declaration by Petitioner's counsel: "I discussed with [] [P]etitioner all of his rights pursuant to an appeal. I have no recollection of [] [P]etitioner instructing me to give notice of appeal.").) Based on that purported conflict in the record, the United States deduces that "a credibility determination must be made on whether [Petitioner] told his lawyer to appeal [and therefore] the Court should hold a hearing." (Docket Entry 31 at 5 (citing United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000)).)

Summary judgment principles apply to motions brought under Section 2255. See United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1993). In particular, "any permissible inferences to be drawn from the underlying facts must be viewed in the light most

7

favorable to the party opposing the motion. Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Id. (internal citation omitted).

Moreover, "a witness who states that he cannot remember whether or not an event alleged to have happened by the moving party actually took place does not help the nonmoving party to meet its burden. The nonmoving party must come up with evidence that negates the version of events alleged by the moving party — an acknowledgment that the event may have occurred, but the witness cannot remember, falls short." Chandler v. James, 985 F. Supp. 1094, 1100 (M.D. Ala. 1997); see also Tinder v. Pinkerton Sec., 305 F.3d 728, 735-36 (7th Cir. 2002) ("[The plaintiff's] only evidence that she never received notice of the program was her own affidavit in which she avers that she 'does not recall seeing or reviewing the Arbitration Program brochure that [the] [d]efendant alleges was included with her payroll check in October, 1997,' and this does not raise a genuine issue of material fact. [The plaintiff] asserted only that she does not remember receiving or seeing the brochure, whereas the uncontroverted affidavits of [the defendant's witnesses] indicate that the brochure was definitely sent and presumably received with her paycheck. [The plaintiff's] affidavit thus does not raise a genuine issue whether the brochure was distributed to her."); Dickey v. Baptist Mem'l Hosp. - N. Miss.,

146 F.3d 262, 266 n.1 (5th Cir. 1998) ("[The plaintiff] also argues that there is a genuine issue of material fact as to whether Dr. Lamb told Dr. Washington . . . about the questionable mass. In his deposition testimony, Dr. Lamb specifically stated that he told Dr. Washington about the questionable mass. Dr. Washington, however, has no present recollection of the conversation . . . . The mere fact that Dr. Washington does not remember the alleged phone conversation, however, is not enough, by itself, to create a genuine issue of material fact."); Linao v. GCR Tire Ctrs., No. 2:09CV134RWS, 2010 WL 4683508, at *5 (N.D. Ga. Nov. 12, 2010) (unpublished) ("[W]here the only evidence negating the existence of an event is a witness's failure to remember that event, other courts have declined to find a genuine issue of fact for summary judgment purposes."); Greensboro Lumber Co. v. Georgia Power Co., 643 F. Supp. 1345, 1368 n.28 (N.D. Ga. 1986) ("[The plaintiff's] only reference to this issue is contained in the affidavit of its president [], who states that he does not recall being offered a one-year contract . . . . However, such an equivocal response is insufficient to create a genuine issue of material fact.") (citing, inter alia, Carter v. Newsday, Inc., 528 F. Supp. 1187, 1191 (E.D.N.Y. 1981), for its statement: "Nor may the nonmovant rely upon deposition statements to the effect that the deponent 'does not remember' a particular fact, as a means of putting that fact in issue."), aff'd, 844 F.2d 1538 (11th Cir. 1988).

Here, in the face of Petitioner's clear averment that he told his counsel to appeal (Docket Entry 21, ¶ 12(Ground Two)), the United States has offered only a sworn statement by Petitioner's counsel that he "ha[s] no recollection" of such an event (Docket Entry 31-1 at 1). Accordingly, in light of the authority cited above, no genuine factual dispute exists for the Court to resolve at an evidentiary hearing and Petitioner has shown entitlement to judgment as a matter of law on Ground Two.[4] In other words, the uncontested record reflects that Petitioner "unequivocally instructed his attorney to file a timely notice of appeal [and thus] his attorney was under an obligation to do so. Under Flores-Ortega, therefore, [Petitioner's] attorney acted in a professionally unreasonable manner [by not timely noticing an appeal]. Because his attorney's unprofessional conduct resulted in [Petitioner] losing his appellate proceeding, he has established prejudice under Flores-Ortega as well." Poindexter, 492 F.3d at

---

[4] The undersigned Magistrate Judge recognizes that busy criminal defense attorneys represent many clients with whom they have many conversations and, therefore, reasonably may not remember the specifics of every conversation with every client, particularly years later. However, a directive to appeal represents one of the few matters that results in the imposition upon defense counsel of a concrete, absolute obligation. Accordingly, the Court properly may expect that a reasonable attorney would have some capacity to provide an answer more fulsome than "I don't recall" when asked about this subject. For example, one might expect an attorney, at a minimum, to develop a practice of making a record of any directive to appeal, which then would allow the attorney to conclude from the absence of any such record as to a given client that the attorney received no such directive from that client.

10

269. The Court thus should re-enter judgment to allow Petitioner the opportunity to commence a timely appeal. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993).

As to Grounds Three, Four, and Five, Petitioner offers nothing beyond the incomprehensible language quoted above (see Docket Entry 21, supp. pp. 1-2); as a result, his claims are "vague, conclusory, speculative, and unsupported and fail[] for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)).

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 21) be denied without issuance of certificate of appealability, except as to Ground Two, which the Court should grant by re-entering its judgment to give Petitioner another opportunity to pursue a timely appeal. In light of the relevant circumstances, the Court also may wish to consider appointing new counsel for Petitioner.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 10, 2015